Cranch, C. J.,
delivered the opinion of the Court as follows:—
The facts of this case, as they appear from the bill, answers, exhibits, and other evidence, are, that the commissioners of Washington had obtained judgment at law against the complainant for $9,333.33. That M. & N. being indebted to the complainant by two promissory notes of $1500 each, and claiming a right to conveyances in.fee to their order from the commissioners, of certain lots in Washington, offered to secure the complainant by an order on the commissioners for a conveyance of those lots; whereupon the complainant applied to the commissioners to know whether they would convey those lots to him in fee upon such an order. The commissioners replied that M. & N. had paid for more lots than had been conveyed to them, and that they, the commission *590 ers, would convey the lots in question to the defendant upon producing the order of M & N. for that purpose.
On the next day the complainant produced the order, and the commissioners promised verbally to have the deeds drawn as soon as their clerks were at leisure. On the next day they discovered that M. & N. had not paid for the lots, and informed the complainant of their mistake, and refused to convey the lots unless the purchase-money should be paid. The complainant had, before receiving this information, delivered up to M. & N. one of the notes, and had promised to deliver up the other ; but had taken a new engagement on the part of M. & N. to pay the $ 3,000, and interest in nine months, in default whereof the complainant was to sell the lots; if they produced more than the debt and interest and costs, he was to pay them the overplus; if less, they were to pay him the balance.
The question, arising upon these facts, is, whether the complainant can, in equity, set off against a judgment at law, unliquidated damages arising from the non-performance of a verbal promise to convey certain lots; which promise was made without consideration and under a mistake of the fact of payment. If the bill had sought a specific performance of such a promise it must have been dismissed upon two grounds; —
1st. Because a verbal agreement to convey land is void by the statute of frauds ; and
2d. Because a court of equity will not enforce the specific execution of a contract founded upon a mistake of a material fact. In such a case there would be wanting the very essence of an agreement, the assent of the mind. There would also be a defect of consideration.
If there be any equity in the case, it must arise, not from the non-performance of a promise founded on a mistake, but from the equitable obligation which a party is under to repair damage which he may have caused by his mistake or ignorance of a fact which it was his duty and in his power to have ascertained or known, and which it was not equally the duty and in the power of the injured party to have ascertained or known.
The fact whether the purchase-money had or had not been paid by M. & N. was a fact which the commissioners ought to have ascertained before they made the promise. The ascertainment of that fact was within their power, but not within the power of the complainant. And if, by reason of that promise, the complainant has suffered an injury, the commissioners who rashly or negligently made the promise, ought in equity to repair that injury, although they were ignorant of the true state of the fact, at the time of the promise. The question then is, did the complainant suffer *591 any and what injury by reason of the promise ? The only injury suggested by the bill, as arising from the promise, is that the complainant was induced thereby to give up one of the notes for $1500, and to promise to give up the other, and to desist from arresting Mr. Nicholson ; by doing which while he was at Washington, the complainant might have recovered the whole amount of debt and interest; from which he says, it appears to him to be ascertained, that by reason of the promise and refusal of the commissioners to convey the lots, he has lost the debt.
The promise to give up one of the notes, certainly could not injure the complainant, because that promise, being founded on a mistake, was not obligatory, and the moment he was informed of the mistake he might have commenced an action upon it; and it appears by the answers that Mr. Nicholson remained at Washington a considerable time after the complainant received information of the mistake, and might have been arrested. ,
Nor did the actual delivery up of the other note injure the complainant, for as the delivery was founded upon a mistake, and upon a consideration which had failed, the debt was not cancelled by the delivery up or destruction of the note which was but evidence of the debt. And although the complainant had lost part of his evidence, yet there was enough left to support the action. The fact of the delivery up of the note ; the fact of the mistake; the fact of the failure of the consideration upon which the note was delivered up, were all capable of proof, and would have enabled the plaintiff' to support an action at law, immediately, in some form or other, for the amount of the note thus given up. If, therefore, after the discovery of the mistake, the complainant desisted from bringing his action and holding Mr. Nicholson to bail, he desisted at his own peril.
Although the complainant had taken a new engagement from M. & N. to pay the debt in nine months, yet as that agreement was also founded upon mistake, it was no bar to an immediate action by the complainant against them for the amount of the notes. As therefore the promise to deliver up one of the notes and the actual delivery of the other, did not deprive the complainant of an immediate right of action upon discovery of the mistake; as the mistake was discovered within two days after the promise and delivery up of the note; as no material alteration appears to have taken place in the affairs of M. & N. during those two days, and as Mr. Nicholson remained at Washington, and liable to process a considerable time after the complainant had notice of the mistake, the Court cannot see how the complainant has been injured by the promise of the commissioners to *592 convey the lots. ¥e are therefore of opinion that the injunction should be dissolved and the bill dismissed with costs.[1]

 Opinion given January 31,1810.
Affirmed by the Supreme Court of the United States. 7 Cranch, 366.